```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PAUL DENVER,                                    :
                                                :   REPORT & RECOMMENDATION
                  Plaintiff,                    :
                                                :   22 Civ. 05103 (JMF) (GWG)
       -v.-                                     :
                                                :
MARTIN O'MALLEY,                                :
COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,                 :
                                                :
                  Defendant.
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I. BACKGROUND

On March 12, 2014, Paul Denver filed an application for Social Security Disability Insurance, which was denied. See Complaint, filed June 17, 2022 (Docket # 1) ("Compl." ¶¶ 6-11). On February 11, 2019, Denver filed a complaint challenging that determination in a case separate from the instant case ("the First Case"). See id. ¶ 12; Denver v. Comm'r SSA, 19 Civ. 1312 (AJN) (KHP) (Docket # 1). On June 1, 2020, the district court remanded the First Case for further administrative proceedings. See Compl. ¶ 15; Docket # 29 in 19-cv-131. Upon remand, the Social Security Administration denied Denver's application again. See Compl. ¶ 19.

On June 17, 2022, Denver filed the complaint in the instant case seeking review of that determination. See Compl. After Denver filed a motion for judgement on the pleadings, the parties stipulated to remand the matter to the agency. See Stipulation and Order of Remand Pursuant to Sentence 4 of 42 U.S.C. § 405(g), dated February 16, 2023 (Docket # 21).

After the second remand, the Commissioner found Denver disabled and awarded Denver

$355,766.70 in past-due benefits. See Notice of Award, dated July 29, 2024, annexed as Exh. B to Richard B. Seelig's Affirmation, filed August 12, 2024 (Docket # 25) (Seelig Aff."). The Commissioner withheld 25% of this amount, $88,941.68, for payment of Denver's attorney fees. Id. at 3. Counsel now seeks to obtain $28,100.00 as compensation of his fees in the instant civil action. See Memorandum of Law in Support of Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406 (b), filed August 12, 2024 (Docket # 26), at 5. In a request not before this Court, counsel is seeking $60,841.68 for his work on the First Action for a total fee of $88,941.68. Id. The basis for the application is that Denver agreed to pay his attorney a contingency fee of 25% of any past-due benefits. See Retainer Agreement at 1, dated May 2, 2022, annexed as Exh. A to Seelig Aff.

The Government's response to the application neither supports nor opposes counsel's request. See Commissioner's Response to Plaintiff's Petition for Attorney's Fees Under 42 U.S.C. § 406(b), filed August 21, 2024 (Docket # 31).

II. DISCUSSION

Pursuant to statute, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," but that fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." See 42 U.S.C. § 406(b)(1)(A).

In determining whether a fee is reasonable, even in the case of a contractual contingency fee arrangement, courts look to the following factors:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether

> "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002)).

Here, the first two factors weigh in favor of approving the fee request. First, the requested fee is well within reason given the quality and results of the representation. Denver's counsel wrote a lengthy and detailed memorandum of law in support of plaintiff's motion for judgement on the pleadings. See Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings, filed December 22, 2022 (Docket # 17). The briefing achieved its intended goal of obtaining a remand for Denver and ultimately led to an award of benefits by the agency. Second, there is no evidence that Denver's counsel engaged in a delay of the proceedings to increase the potential fee award.

With respect to the third factor – whether the award constitutes a "windfall" – courts have relied on the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Joslyn, 389 F. Supp. 2d at 456-57. These factors also weigh in favor of the requested fee award. As noted, Denver's counsel produced a highly favorable result for their client. Counsel's 43-page brief contained a careful examination of the alleged mistakes of the Administrative Law Judge's decision. Denver's attorneys have extensive experience working on social security and disability law, see Seelig Aff. ¶ 12, and the total number of hours expended was reasonable for a case of this nature.

Under Gisbrecht, a court must consider whether the benefits obtained through a counsel's

3

representation are "large in comparison to the amount of time counsel spent on the case," and, if the court so finds, may adjust a fee award that is based on the amount of those benefits downward. 535 U.S. at 808. However, such "a reduction in the agreed-upon contingency amount should not be made lightly," Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), because when a court finds that a high hourly rate justifies reducing the fee award, that reduction can "only serve to diminish the pool of attorneys willing to accept the risk of taking on" social security cases on a contingency fee basis in the future. Puerto v. Happy Life Home Health Agency Inc., 704 F. Supp. 3d 403, 406-07 (S.D.N.Y. 2023) (addressing reasonableness of contingency fee arrangement in Fair Labor Standards Act case).

Here, plaintiff's attorneys, Richard B. Seelig and Beret L. Flom, spent 28.1 hours on the instant federal court proceedings. See Exh. C to Seelig Aff. Thus, the requested fee of $28,100 would result in the payment of an hourly rate of $1,000.00. Similar de facto hourly rates have been approved by courts as reasonable in social security cases. See Valle v. Colvin, 2019 WL 2118841, at *3-4 (S.D.N.Y. May 15, 2019) (approving de facto hourly rate of $1,079.72); Nieves v. Colvin, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) ($1,009.11). In this case, we see no reason to reduce the amount provided in the contingency fee arrangement given counsel's skill, competence, and efficiency. In light of the fact that, as already discussed, the many factors for judging reasonableness identified by courts have been satisfied in this case, the fact that Denver's case was not a sure winner, as evidenced by the extensive litigation surrounding this matter, and the importance of encouraging attorneys to accept social security cases on a contingency basis, the Court concludes that the award sought here is not so large in relation to the hours expended by counsel that it warrants reduction.

While the Court will grant the requested award of $28,100.00, we note that on May 9,

2023, this Court awarded plaintiff's counsel attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,500.00.  See Stipulation for Allowance of Fees Under the Equal Access to Justice Act and Costs under 28 U.S.C. § 1920, dated May 9, 2023 (Docket # 24).  Counsel is required to remit to the claimant the $6,500.00 EAJA award.  See Gisbrecht, 535 U.S. at 796 (where a fee award is made both under the EAJA and 42 U.S.C. § 406(b), the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee").

Conclusion

Counsel's motion for an award of $28,100.00 (Docket # 25) should be granted.  In addition, counsel should be ordered to return to Denver the $6,500.00 previously received pursuant to the EAJA.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to Judge Furman. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: September 16, 2024
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge